**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**MACK R. TEDDER, #035639**

**Plaintiff,**

**vs.** **CASE NO. 4:13cv75-MW/CAS**

**TENA PATE, et al.,**

**Defendants.**
**______________________________/**

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983, doc. 1, and an application to proceed in forma pauperis, doc. 4. Good cause having been shown, leave to so proceed has been granted in a separate order entered this day.

Prior to review of the complaint as is required by § 1915A, it is noted that Plaintiff has not made full and honest disclosures on the complaint form concerning his prior litigation. Plaintiff asserts that he has not had any actions dismissed as frivolous, malicious, failing to state a claim, or prior to service. Doc. 1 at 5. That is not correct as will be explained ahead. Additionally, Plaintiff acknowledges having filed just one prior case in approximately 1999. Plaintiff did not recall the case number, judge, or reason for dismissal. *Id.* That statement is not correct either.

Judicial notice is taken that Plaintiff filed a civil rights case in this Court on December 20, 1999, against Michael W. Moore, who was then Secretary of the Florida Department of Corrections. Case no. 4:99cv514. On February 11, 2000, a report and recommendation was entered to dismiss the complaint because it failed to state a claim upon which relief could be granted. Doc. 6 of that case. That recommendation was adopted by District Judge William Stafford and the case dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on March 6, 2000. Doc. 7 of that case. In the future, Plaintiff must disclose this case as a prior § 1915 dismissal.

Judicial notice is also taken that Plaintiff previously filed several habeas petitions as well. Plaintiff filed case number 8:95cv2077, in the Middle District of Florida on December 15, 1995, and judgment was entered against Petitioner on February 19, 1999. Plaintiff filed a § 2241 habeas petition in the Northern District of Florida on October 18, 2000, naming the Florida Parole Commission as Respondent. Case no. 1:00cv180. It was summarily dismissed in March 2001.

Considering the cases were litigated over ten years ago, it is conceivable that Plaintiff may not have remembered the cases and had the relevant information to provide to the Court. Plaintiff now has that information and it must be disclosed should he file additional cases in federal court.

As for the instant case, Plaintiff sues Tena Pate, Bernard R. Cohen, Sr., and Melinda N. Coonrad, three current Commissioners of the Florida Parole Commission, and Judith Wolson, a retired Commissioner. Doc. 1 at 2-3. Plaintiff claims the Defendants have failed "to follow and to adhere to FLA. STAT. § 947.01, et seq., and/or Florida Administrative Code, Chapter 23-21.0052 et seq." Doc. 1 at 6. On July 11,

2012, Plaintiff's case was before the Parole Commission, which Plaintiff contends consisted of all four named Defendants. *Id.* at 6-7. Plaintiff contends that as of July 1, 1996, the Commission membership is limited to only three members. *Id.* He alleges that although there was no lawful reason for the presence or participation of Defendant Wolson, she voted upon Plaintiff's parole suitability when either Defendant Pate or Defendant Coonrad recused herself from voting. *Id.* at 7. Plaintiff also contends that Tina Pate has served on the Parole Commission since 1998 and, therefore, has served beyond the statutorily authorized maximum of "two consecutive 6 year terms." *Id.* at 7-8. Plaintiff's complaint also collaterally challenges his conviction by claiming he was indicted for a murder on January 17, 1974, but the victim's certificate of death listed the date of death as February 14, 1974. *Id.* at 8. Plaintiff asserts he has "been unlawfully incarcerated for over 39 uninterrupted years" and deserves immediate release. *Id.* at 8-9. Plaintiff contends the Commission is not considering all relevant documents in evaluating him for parole because the certificate of death and indictment has been "overlooked" or "totally disregarded." *Id.* Plaintiff further challenges FLA. STAT. § 947.18 which states that "no person shall be placed on parole merely as a reward for good conduct or efficient performance of duties assigned in prison." *Id.* at 9-10, *citing* FLA. STAT. § 947.18. Plaintiff argues the statute is "uncomprehensible, ludicrous, absurd, and an oxymoron" because if good conduct is not a prerequisite for parole release, then bad conduct should not be used to deny release or increase an already established parole date. *Id.* at 9-10.

Plaintiff also makes allegations concerning events within the Florida Department of Corrections when Plaintiff was transferred from the Tampa area ("Plaintiff's

permanent residence") and was given two disciplinary reports which he contends were "fraudulent, bogus, and unwarranted." Doc. 1 at 10-11. Those claims and events did not occur and are not attributable to the Parole Commission and must be deleted from the amended complaint. If Plaintiff desires to challenge the results of disciplinary proceedings, that must be done in the filing of a habeas petition after exhausting administrative remedies.

Plaintiff also contends that he received numerous punishments for the disciplinary reports when he was denied a reduction of his presumptive parole release date, denied parole release, denied consideration for work camp or work release, denied the Lifer's Program, denied an institutional transfer, his parole release date was extended for 36 months, and his next parole hearing date was established to be seven years in the future based on the two allegedly "fraudulent, bogus, and unwarranted" disciplinary reports. *Id.* at 11-12. Plaintiff contends these punishments amount to double jeopardy and "double-dipping." *Id.* at 12.

Plaintiff's double jeopardy claim is without merit as the law is well settled that the Double Jeopardy Clause is applicable only to criminal prosecutions. Breed v. Jones, 421 U.S. 519, 528, 95 S.Ct. 1779, 1785 (1975). Parole hearings are administrative proceedings and are "not essentially criminal" in nature because they are not "actions intended to authorize criminal punishment to vindicate public justice." *Id.* at 529, 95 S.Ct. at 1786. Plaintiff was not subjected to increased punishment for a criminal offense or multiple punishments for a criminal offense.

As for Plaintiff's "double dipping" claim, Plaintiff cites to Hendrix v. State, 475 So.2d 1218, 1220 (Fla. 1985). In that case, "the trial judge departed from the

guidelines based on the defendant's prior criminal convictions." The Florida Supreme Court held it was improper to do so because the sentencing guidelines have already factored in prior criminal records. Hendrix, 475 So.2d at 1220. "To allow the trial judge to depart from the guidelines based upon a factor which has already been weighed in arriving at a presumptive sentence would in effect be counting the convictions twice which is contrary to the spirit and intent of the guidelines." *Id.* That case is inapplicable in the context of parole.

The Commission is not only legally authorized, but legally required to consider an inmate's conduct while in prison to determine whether or not the inmate should be released on parole. The Commission is to consider an inmate's program participation, disciplinary record, psychological and medical records, as well as his criminal records, to determine whether "there is reasonable probability that, if the person is placed on parole, he or she will live and conduct himself or herself as a respectable and law-abiding person and that the person's release will be compatible with his or her own welfare and the welfar of society." FLA. STAT. § 947.18. Florida law expressly declares that an inmate may only be provided an effective parole release date if an inmate's "institutional conduct has been satisfactory . . . ." FLA. STAT. § 947.1745. The Parole Commission's consideration of punishment imposed by the Department of Corrections is not double dipping, and does not violate Plaintiff's due process rights.

In addition to the earlier allegations concerning Defendant Pate, Plaintiff also challenges that she should not have been appointed to the Parole Commission because she had previously been a victim advocate. Doc. 1 at 13-14. Plaintiff's arguments concerning a conflict of interest and the appropriateness of the appointment

lack merit. There is no federal constitutional basis upon which Plaintiff may challenge an appointment to the Parole Commission in this civil rights action. Furthermore, judicial notice is taken that Commissioner Pate was appointed in 2003, not in 1998 as alleged by Plaintiff, *see* doc. 1 at 8, and at that time, the appointment was only to fill a Commission vacancy that ended June 2004. On June 24, 2004, Commissioner Pate was appointed to a full six-year term which ended June 2010. Commissioner Pate was reappointed to a second full six-year term ending June 30, 2016, and, thus, has not served beyond the statutorily authorized time.

To the extent Plaintiff collaterally challenges his conviction and contends he deserves immediate release, those claims cannot be brought in a civil rights action. It is well settled that "habeas corpus[1] is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 2369, 129 L. Ed. 2d 383 (1994), *citing* Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995)(recognizing that claims which seek release from prison are "not cognizable under § 1983."). Thus, Plaintiff may not use this § 1983 action to be released from prison.

The remainder of Plaintiff's claims as detailed above are based on due process claims. It is clear that an inmate in Florida has no right to parole; it is a matter of grace. FLA. STAT. § 947.002(5); *E.g.,* Staton v. Wainwright, 665 F.2d 686, 688 (5th Cir.), *cert.*

[1] Plaintiff has already sought release form prison through a habeas petition and challenged the Parole Commission's aggravating his presumptive parole release date. Case no. 1:00cv180. The claims raised therein were summarily dismissed.

*denied* 456 U.S. 909 (1982); Hunter v. Florida Parole and Prob. Comm'n, 674 F.2d 847, 848 (11th Cir. 1982); Damiano v. Florida Parole and Prob. Comm'n, 785 F.2d 929, 932 (11th Cir. 1986). While prisoners may "claim the protections of the Due Process Clause," Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L. Ed. 2d 935 (1974), due process does not exist in a vacuum. Due process exists to protect a liberty interest. Because there is no right to parole in Florida, Plaintiff has not asserted deprivation of a liberty interest and, hence, the due process claim must fail. *See* Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex, 442 U.S. 1, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979) (no due process violation unless state statute creates an entitlement to release or parole).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 19, 2013.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**