IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MACK R. TEDDER,

    Plaintiff,

vs.                                        CASE NO. 4:13cv75-MW/CAS

TENA PATE, et al.,

    Defendants.

_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, a pro se prisoner, initiated this case in February 2013, doc. 1, and a report and recommendation was entered on March 19, 2013, to dismiss the complaint for failure to state a claim. Doc. 6. Plaintiff's objections, doc. 9, were reviewed and the case was remanded to consider a "narrow issue; namely, to address whether Plaintiff states a due process claim for a defect in his parole hearing entitling him to a new parole hearing." Doc. 10 at 2-3. In light of that Order, it seemed most expedient to permit Plaintiff to file an amended civil rights complaint in which Plaintiff limited and clarified the basis for his due process claim. Doc. 12. An Order was entered clarifying what Plaintiff could and could not include in the second amended complaint. *Id.*

Plaintiff submitted an amended complaint, doc. 13, but Plaintiff did not comply with the prior Order. Instead, Plaintiff also included ex post facto claims and challenged

the use of sentencing guidelines and the establishment of the Parole Commission and requested that this Court find the guidelines and various statutes to be unconstitutional and "ORDER the State of Florida to IMMEDIATELY and without delay," alter sentences so that all persons incarcerated (except those with capital felony convictions or a sentence of death) be deemed eligible for parole. Doc. 13. After review, another Order, doc. 14, was entered explaining that Plaintiff's amended complaint did not comply with the limitations imposed, that it improperly contained legal argument, failed to comply with Rule 10(b)'s requirement as to numbered paragraphs, and failed to allege how violations of state law violate Plaintiff's federal constitutional rights. Plaintiff was directed to review the prior orders and given leave to submit a second amended complaint. Doc. 14.

Plaintiff's second amended complaint, doc. 15, was filed on July 12, 2013. Once again, Plaintiff did not comply with the orders and presented an insufficient complaint. *Id.* Plaintiff presented seven short numbered paragraphs in which he made conclusory allegations. Plaintiff claimed that at his July 11, 2012, parole hearing, four persons were in the parole panel and one person (either Defendant Tena Pate or Melinda Coonrod) recused herself so that retired Comissioner Judith Wolson could vote in her place. Doc. 15. Plaintiff did not stop there, however, and again challenged the increase in time between parole hearings, the statutory elimination of a life term with parole eligibility, and a conclusory claim that Defendants did not review Plaintiff's full and complete record when considering his parole suitability. Doc. 15 at 7. Thus, Plaintiff continued to bring the ex post facto claim, an Eighth Amendment claim for cruel and unusual punishment, and additional Florida law claims. *Id.* at 9-11. Another Order

was entered permitting Plaintiff to file a third amended complaint, but warning Plaintiff that the third opportunity to comply with court orders in submitting a complaint limited to the due process claim would be his last. Doc. 16. The Order sought clarification on the potential due process claims and advised Plaintiff that allegations of state law violations were insufficient "to state a claim for relief in a federal civil rights action brought pursuant to § 1983." *Id.* at 2. Plaintiff was advised that his ex post facto claim had been rejected and he was to omit the claim from this third amended complaint. *Id.* at 2-3. That Order clearly advised Plaintiff that he must comply with the court orders entered and that failure to do so would result in a recommendation of dismissal of the case. *Id.* at 3.

Plaintiff's third amended complaint, doc. 17, has now been reviewed. Rather than limit his claims and facts as directed, Plaintiff argues about the limitations imposed and objects to the order. *Id.* Plaintiff seeks recusal, although he did not file a motion seeking recusal, and contends that because he "paid his money for his day in Court," he should not be burdened with submitting documentation to support his due process claim. Doc. 17 at 7-9. Plaintiff eventually presents the facts supporting his due process claim, doc. 17 at 9-10, but also resubmits his ex post facto claim. *Id.* at 10. Plaintiff contends that this Court should "revisit" the claim and the Morales holding. *Id.* at 10-11. Plaintiff also continues to assert that this Court should address his claim that the Florida Supreme Court and Florida Legislature supplanted "parole for the sentencing guidelines." *Id.* at 11. Plaintiff also includes allegations once again to assert a claim under the Cruel and Unusual Punishments Clause and requests this Court remove the lien placed against him to proceed with this case. *Id.* at 11-12.

Although Plaintiff did not properly file a motion for recusal, Plaintiff does not provided sufficient reason for recusal pursuant to 28 U.S.C. § 455(b). Recusal is only required when an alleged bias is personal in nature. Phillips v. Joint Legislative Comm., 637 F.2d 1014, 1020 (5th Cir. 1981), *cert. denied*, 456 U.S. 960 (1982). There are no contentions of a personal bias stemming "from an extra-judicial source." United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L. Ed. 2d 778 (1966). A judge's rulings are not valid grounds for recusal, Berger v. United States, 255 U.S. 22, 31, 41 S. Ct. 230, 232, 65 L. Ed. 481 (1921), nor is a party's dissatisfaction grounds for recusal. Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001) (noting that "adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."), abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011).

The third amended complaint is deficient because the purpose of a complaint is to present "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). It is improper to use a complaint to make arguments concerning the propriety of court orders or argue case law. Plaintiff was previously advised of that fact, *doc. 14 at 1,* but failed to heed the warning.

Plaintiff's third amended complaint improperly contains claims that are insufficient as a matter of law. To the extent Plaintiff seeks to challenge the use of sentencing guidelines, that is a claim that challenges Plaintiff's sentence and is not an appropriate claim in a civil rights case. There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." Preiser v. Rodriguez, 411 U.S. 475, 93

S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also* Hill v. McDonough, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006)(holding that challenge to lethal injection procedures may be brought in § 1983 action). Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994); Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). It is clear that a prisoner may not seek to reduce a period of confinement through a civil rights action. Preiser, 411 U.S. at 500, 93 S. Ct. at 1841; Heck, 114 S. Ct. at 2372. Plaintiff's claim challenging the use of sentencing guidelines is barred in this civil rights case.

To the degree Plaintiff's third amended complaint could be deemed to be a challenge to the guidelines by which Defendants decide who is entitled to parole and who should be denied parole, this argument was long ago settled in the Eleventh Circuit. In Paschal v. Wainwright, 738 F.2d 1173 (11th Cir. 1984), the court held that the ultimate discretion about granting parole is with the Parole Commission "and that because the [Objective Parole Guidelines Act] merely made a procedural change in how this discretion was exercised there was no ex post facto violation." Johnson v. Wainwright, 772 F.2d 826, 827 (11th Cir. 1985), *explaining* Paschal.

> The guidelines have clarified the commission's exercise of its discretion. The commission has created a system by which it attempts to use its discretion in a more uniform manner than previously. The substantive power of the commission remains unchanged; only the manner in which it exercises this power has been altered.

Johnson, 772 F.2d at 827, *citing* Paschal, at 1179. Paschal has been consistently followed. *See* Damiano v. Florida Parole and Probation Commission, 785 F.2d 929, 933 (11th Cir.1986) (citing Paschal in rejecting an ex post facto challenge and holding

that "[w]hen appellant was convicted in 1974, parole was a matter of complete discretion. It remains so even under the objective parole guidelines of 1978, since parole is still ultimately a matter of discretion."); Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir.) (concluding the Ex Post Facto Clause was not violated when the Florida Parole and Probation Commission applied the "objective parole guidelines that had been amended after [petitioner] was incarcerated."), *cert. denied*, 479 U.S. 830 (1986).

Additionally, a change that merely alters the Parole Commission's considerations for parole suitability is not violative of the Ex Post Facto Clause because it neither works to an inmate's detriment nor constitutes "a criminal or penal law." Kelly v. Southerland, 967 F.2d 1531, 1532 (11th Cir. 1992), *citing* Dufresne v. Baer, 744 F.2d 1543, 1547 (11th Cir. 1984), *cert. denied*, 474 U.S. 817 (1985). Guidelines are just that, guidelines for making decisions and reining in discretion. Paschal, 738 F.2d at 1181; Kelly, 967 F.2d at 1532. Thus, a claim that an inmate does not like the manner in which the Commission makes it parole decisions is not a viable claim.

Plaintiff's ex post facto claim under California Dep't of Corr. v. Morales, 514 U.S. 499, 509, 115 S.Ct. 1597, 1603, 131 L.Ed.2d 588 (1995) fares no better. *See* Durden v. David, No. 4:05cv226-MP-EMT, 2007 WL 2002453, at *5 (N.D. Fla. July 5, 2007). The Constitution prohibits the enactment of ex post facto laws that retroactively increase the penalty for a crime after it has been committed. U.S. Const., art. I., § 10, cl. 1; Garner v. Jones, 529 U.S. 244, 249, 120 S.Ct. 1362, 1367, 146 L.Ed.2d 236 (2000). However, not every retroactive change in the law violations the Ex Post Facto Clause; only if such changes create a significant risk of prolonging the prisoner's

incarceration is there an ex post fact claim. Garner, 529 U.S. at 251, 120 S.Ct. at 1368. Here, Plaintiff does not allege any facts which demonstrate that a delay in parole hearings created a significant risk of prolonging his incarceration. Rather, Plaintiff's third amended complaint argues that the Morales decision should be revisited, explains some of the facts at issue in that case, and points out that Plaintiff's situation is not the same as Morales. Plaintiff does not, however, present any facts which would support an ex post fact claim. Indeed, Plaintiff's attached exhibit reveals that Plaintiff's presumptive parole release date was extended 36 months (until 2024) by the Parole Commission due to Plaintiff's unsatisfactory institutional conduct. There are no facts showing how a delay in parole hearings has extended Plaintiff's incarceration or which reveal how the change in Fla. Stat. § 947.174(b), which delays parole hearings for certain offenses from 5 years to 7 years, created a risk of prolonged incarceration. Plaintiff's third amended complaint again fails to state an ex post facto claim.

Plaintiff also fails to state a due process claim. As presented, Plaintiff contends only that pursuant to Florida law, the Parole Commission's membership is three persons. Plaintiff contends that the four Defendants were all present at the parole hearing when "either Tena Pate or Melinda N. Coonrad" recused herself so that retired Commissioner Judith Wolson could vote in their place. Plaintiff contends there is an "obligation to be heard before the 3 member appointed panel to vote upon suitability, and, the obligation of the Commission to review the inmate's complete record." Doc. 17 at 10. To the degree Plaintiff's complaint is construed to present a valid due process claim based on a violation of state law, that is incorrect. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 103-06, 104 S.Ct. 900, 909-11, 79 L.Ed.2d 67

(1984). A viable claim under § 1983 must present violations of federal law and Plaintiff has not alleged the denial of a federal due process right.

Furthermore, Plaintiff's allegations reveal that four persons were in attendance to comprise the Parole Commission, yet when the vote was taken on Plaintiff's parole suitability, *"either* Tena Pate or Melinda Coonrod" recused herself. Doc. 17 at 9. Taken literally, that assertion indicates three persons voted,[1] complying with state law,[2] notwithstanding Plaintiff's argument that Judith Wolson should not have voted at all. However, the deficiency in Plaintiff's argument is that FLA. STAT. § 947.06 permits a parole decision based on the opinion of "no fewer than two commissioners . . . ."; *see also* FLA. ADMIN. CODE R. 23-21.0052. There would have been no need for Judith Wolson to vote so long as two commissioners were present to vote and, according to Plaintiff, they were, and did vote. Accordingly, Plaintiff has not demonstrated a federal due process violation in contending either that the number of commissioners voting was insufficient or that a retired commissioner voted when a third commissioner recused herself.

There is no federal constitutional right to parole, Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979), and Florida prisoners do not have a protected liberty interest in parole because the Florida Parole Commission retains discretion over whether to grant or deny parole. Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 929, 931-32 (11th Cir. 1986).

---

[1] If Tena Pate or Melinda Coonrod recused herself, then Judith Wolson voted along with Bernard Cohen and *either* Tena Pate or Melinda Coonrod for a three person vote.

[2] Plaintiff has maintained through this case that FLA. STAT. § 947.01 directs that the Parole Commission shall consist of three members.

Plaintiff makes a conclusory allegation that Defendants did not review Plaintiff's full and complete record when determining his parole suitability. Plaintiff's second amended complaint, doc. 15 at 7, suffered from the same defect and the prior Order pointed out that Plaintiff's assertion was "too vague to support a due process claim." Plaintiff was directed to provide facts which show what specific facts or circumstances were improperly withheld from the Commission's consideration. Doc. 16 at 2. Yet, Plaintiff still presents a conclusion unsupported by facts and the third amended complaint remains insufficient.

Plaintiff has had sufficient opportunity to present a viable complaint and further leave to amend does not appear beneficial. Plaintiff has not complied with court orders and the argument presented within the third amended complaint demonstrates his unwillingness to do so. This case should be dismissed for failure to state a claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, doc. 17, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 23, 2013.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**